#### AT THE

## MARCH SESSION 1870, IN BOSTON.

PRESENT:

Hon. REUBEN A. CHAPMAN, Chief Justice.
Hon. HORACE GRAY, Jr.,
Hon. JOHN WELLS,
Hon. JAMES D. COLT,       }Justices.
Hon. SETH AMES,
Hon. MARCUS MORTON,

## SUFFOLK COUNTY.

### Moses G. Steele & another *vs.* Gabriel F. Burkhardt

One who places his horse and wagon in a street in a city transversely to the course of the street, while loading articles which a city ordinance permits to be loaded only in vehicles placed lengthwise and as near as possible to the sidewalk, is not restrained by the mere fact of thus violating the ordinance from maintaining an action against one who injures the horse by negligently driving another wagon against it, when by exercising more care he might have avoided doing so.

Tort for injury alleged to have been caused to the plaintiffs' horse by the negligence of the defendant's servant; submitted to the judgment of the superior court, and, on appeal, of this court, upon the following award of an arbitrator as upon a statement of agreed facts:

" I find that the injury to the plaintiffs' horse, for which they seek to recover damages in this action, was occasioned by the negligence and want of due care of the defendant's servant, then in the employment of the defendant.   At the time of the injury, the plaintiffs' wagon, to which the injured horse was attached, was placed in Clinton Street in the city of Boston, by the plaintiffs' driver, having the care of the wagon for the loading of certain articles, the weight of which in each and every package thereof was less than five hundred pounds ; and the wagon was then wholly or in part backed and placed across Clinton Street, and thereby the plaintiffs were guilty of a violation of an ordinance of the city, which provides as follows : ' And for the loading or unloading of any dirt, bricks, stones, sand, gravel, or of any articles, whether of the same description or not, the weight of which in any one package shall be less than five hundred pounds, no truck, cart, wagon, sleigh, sled or other vehicle shall be wholly or in part backed or placed across any street, square, lane or alley, or upon flag-stones or crossings of the same, but shall be placed lengthwise, and as near as possible to the abutting stone of the sidewalk or footway ; and any owner or driver or other person having the care of any such vehicle, violating either of the provisions of this section, shall be liable to a fine of not less than five dollars, nor more than twenty dollars, for each offence.' It is in evidence that, at the time of the injury, there was sufficient room, with proper care, for the defendant's team to pass through Clinton Street, (a greater degree of care being required by reason of the position of the plaintiffs' team as aforesaid, but not greater than the defendant was bound to use, in my judgment,) but the defendant's servant, in passing between the plaintiffs' horse and the opposite curb-stone, ran over and upon the hoof of the plaintiffs horse, with a heavy team, and in so doing was guilty of the negligence which I report ; and I further find, that the only fault upon the part of the plaintiffs is the fact of their horse and wagon having been placed against the curb in violation of the city ordinance above mentioned.

"In case the court shall find, under the foregoing statement of facts, that the violation hereinbefore mentioned of said ordinance, on the part of the plaintiffs' driver, debarred the plaintiffs from maintaining their action for damages, my award would be, judgment for the defendant for his costs of court, with the costs of this reference; otherwise, my award would be for the plaintiffs, for the sum of $225 and their costs of court."

*H. J. Stevens*, for the plaintiffs.

*A. Russ*, for the defendant.

CHAPMAN, C. J. The act complained of by the plaintiffs is, that, while their horse was standing on Clinton Street, the defendant's servant, while driving a heavy team along the street, carelessly drove it upon the hoof of the plaintiffs' horse, and injured him. The award, which the parties have agreed to accept as a statement of facts, finds that the injury was occasioned by negligence and want of due care in the defendant's servant. The terms of this finding imply that there was no negligence on the part of the plaintiffs, which contributed to the injury. And it is further found that, though the plaintiffs' team was standing there in violation of a city ordinance, yet there was room for the defendant's team to pass by, using due care, and the only fault of the plaintiffs consisted in the violation of the city ordinance. It is not found that this violation contributed to the injury. It is said by Bigelow, C. J., in *Jones v. Andover*, 10 Allen, 20, that, "in case of a collision of two vehicles on a highway, evidence that the plaintiff was travelling on the left side of the road, in violation of the statute, when he met the defendant, would be admissible to show negligence." So the evidence that the plaintiffs' team was standing in the street in violation of a city ordinance was admissible to show negligence on their part. It did show negligence in respect to keeping the ordinance, but did not necessarily show negligence that contributed to the injury. And, notwithstanding this evidence, it was competent to the arbitrator to find, as a fact, that, towards the defendant, the plaintiffs were guilty of no negligence, but were careful to leave him ample room to pass. He did so find in substance; and his finding is agreed to as a fact.

A collision on the highway sometimes happens, when both parties are in motion, and both are active in producing it. In such cases, the plaintiff must prove that he was not moving carelessly. But the collision sometimes happens, as in this case, when the plaintiff's team is standing still. In such a case, he must prove that his position was not so carelessly taken as to contribute to the collision. The fact is here found that it was not so taken, though it was in violation of the ordinance. There was therefore no such negligence on his part as to defeat the action.

Actions founded on negligence are governed by a plain principle. The plaintiff's declaration alleges that the injury happened in consequence of the negligence of the defendant. This is held to imply that there was no negligence on the part of the plaintiff which contributed to the injury; and to throw upon him the burden of proving the truth of the allegation. It may depend upon care exercised by himself personally, or by his coachman, if he is riding, or by his teamster, in his absence, or by the person in charge of him, if he is an invalid, or an infant of tender years, or in any way so situated as to need the care of another person in respect to the matter. If there was want of care, either on the part of himself or the person acting for him, and the injury is partly attributable directly to that cause, he cannot recover, simply because he cannot prove what he has alleged. Among the numerous cases sustaining this view are, *Parker* v. *Adams*, 12 Met. 415; *Horton* v. *Ipswich*, 12 Cush. 488; *Holly* v. *Boston Gas Light Co.* 8 Gray, 131; *Wright* v. *Malden & Melrose Railroad Co.* 4 Allen, 283; *Callahan* v. *Bean*, 9 Allen, 401.

But it is further contended that these plaintiffs are compelled to prove their own violation of law in order to establish their case, and therefore the action cannot be maintained. The substance of the ordinance referred to is, that, for loading and unloading packages weighing less than five hundred pounds, wagons shall stand lengthwise of streets, and not crosswise, under a prescribed penalty. The plaintiffs were loading packages of less weight, and their wagon was standing crosswise of the street.

But proof of the weight of these packages was not necessary. In this respect the case is like that of *Welch* v. *Wesson*, 6 Gray, 505, where the plaintiff was injured while he was trotting his horse illegally.   It is unlike the cases of *Gregg* v. *Wyman*, 4 Cush. 322, and *Way* v. *Foster*, 1 Allen, 408, which were decided in favor of the defendant upon the ground that the plaintiff was obliged to lay the foundation of his action in his own violation of law.   Even in those cases, the violation of law by the plaintiffs would not have justified an assault and battery or a false imprisonment of the plaintiffs.   In this case, if the packages had weighed more than five hundred pounds, the position of the team would have been the same.   In *Spofford* v. *Harlow*, 3 Allen, 176, it was held that, though the plaintiff's sleigh was on the wrong side of the street, in violation of law, the defendant was liable, if his servant ran into the plaintiff carelessly and recklessly, the plaintiff's negligence not contributing to the injury.   And it is true generally, that, while no person can maintain an action to which he must trace his title through his own breach of the law, yet the fact that he is breaking the law does not leave him remediless for injuries wilfully or carelessly done to him, and to which his own conduct has not contributed.

*Judgment for the plaintiffs.**

---

* A similar decision was made in the following case from Suffolk, which was argued in writing at the November session 1870.

### PATRICK KEARNS *vs.* FREDERICK SOWDEN.

TORT for injury alleged to have been caused to the plaintiff's horse by the negligence of the defendant's servant.   Writ dated November 2, 1868.   At the trial in the superior court, before *Brigham*, C. J., " the evidence tended to prove that the plaintiff left his horse standing in front of a store in Broad Street in Boston, for more than five minutes, while he was in said store transacting business, and, while standing there, and when neither the plaintiff nor any person had direct charge of the horse, the servant of the defendant drove his cart against said horse, and ran over or against the foot of the horse and injured it.   The defendant requested the judge to rule as follows: ' If the jury are satisfied that the plaintiff's horse had been standing unattended in the street for more than five minutes, they may consider that fact as sufficient evidence of negligence to render him to some extent responsible for the injury, and he cannot recover.'   The judge declined so to rule; but gave other rulings

## HIRAM WELLINGTON vs. DOWNER KEROSENE OIL COMPANY.

A declaration that the defendant, knowing J. S. to be a retailer of fluids to be burned in lamps for illuminating purposes, and naphtha to be explosive and dangerous to life for such a use, sold and delivered naphtha to him, knowing that it was his intention to retail it in his business; that, in ignorance of its dangerous properties, he retailed a pint of it to the plaintiff to be burned in his lamp for illumination; and that, while the plaintiff, in like ignorance, was so burning it, it exploded and injured him and his property; sets forth a good cause of action at common law.

There is no conclusive presumption that a retailer of fluids to be burned in lamps for illuminating purposes, or a customer to whom he sells naphtha for such a use, is aware of the danger of so burning naphtha.

Whether, in order to charge, either criminally or civilly, a seller of naphtha under the name of oil, on the St. of 1867, c. 286, § 5, it is necessary to prove that he knew it was naphtha when he sold it, quære.

The right of action given by the St. of 1867, c. 286, to "any person suffering damage from the explosion or ignition" of fluid unlawfully sold under the statute, extends to injuries to property, and includes all persons to whom any purchaser from such seller may give or resell it.

TORT for injury of the plaintiff's person and property by the explosion of a fluid which he was burning in a lamp. Writ

on the subject of negligence, which were not excepted to except so far as they failed to give the ruling aforesaid. The jury found a verdict for the plaintiff; and the defendant excepted." The bill of exceptions did not indicate the date when the accident occurred, nor show that the plaintiff's horse was harnessed to a vehicle.

*A. Cottrell,* for the defendant, cited an ordinance of the city of Boston, to the effect that no person having the care or ordering of any vehicle, with or without a horse or other animal harnessed thereto, should suffer it to remain in any street of that city more than five minutes without some proper person to take care of it; Laws & Ordinances of Boston, (ed. 1856,) 102; and argued that the facts showed that the plaintiff was violating this ordinance when the accident occurred and hence could not recover.

*G. H. Rich,* for the plaintiff.

BY THE COURT. The defendant had not a right to require the judge to rule in the absolute form stated in his request; for it does not appear, from the report, that the fact referred to did prove any negligence towards the defendant, or contributing to the injury. *Exceptions overruled.*