# Government Street R. R. Co. v. Hanlon, *pro ami.*

*Action by Minor, by Next Friend, to recover Damages for Personal Injuries.*

1. *Complaint in action to recover damages for personal injuries; what need not allege.*—In an action against a railroad company for injuries to the person, occasioned by its negligence, it is not necessary to aver that the plaintiff was in the exercise of reasonable care or without fault; these are matters of defence.

2. *Same; what treated as surplusage.*—A complaint in such a case, if it contain averments embracing causes for which plaintiff may recover, is not demurrable because of averments of special damages, embracing causes as to which he is not entitled to recover; these latter averments may be treated as surplusage.

3. *Contributory negligence; general rule as to.*—It is a general principle of law that one essentially contributing, by his own misconduct or negligence, amounting to want of ordinary care, to produce an injury, cannot recover of a wrong-doer, whose act is not wanton and intentional.

4. *Same; what qualification subject to.*—This principle, however, is subject to the qualification, that the party to whom it is sought to be applied must be capable of volition—capable of legal wrong.

5. *Same; when can not be set up to prevent recovery.*—Where by negligence of an adult, injury results to a child of tender years, to whom judgment and discretion can not be imputed, and who is conclusively presumed incapable of their exercise, contributory negligence can not be set up to defeat his right to recover.

Vol. LIII.

6. *Same.*—Negligence on the part of the parent is not an available defence, to an action brought by a child against an adult, for injuries occasioned by his negligence.

7. *Judgment; when not arrested.*—Judgment rendered on, and corresponding with the verdict, can not be arrested or set aside in this court, on the ground that it is for a greater amount than claimed in the complaint, when not previously objected to, in the court below.

APPEAL from Circuit Court of Mobile.

Tried before Hon. JOHN ELLIOTT.

This was an action commenced on the first day of October, 1869, by Edward Hanlon, a minor, by his father Charles Hanlon, as next friend, against the Government Street Railroad Company, to recover damages for personal injuries to said Edward, alleged to have been occasioned by the negligence of the defendant, in running a car, drawn by animals, on defendant's road.

Charles Hanlon having died, Mary Hanlon, mother of said minor, was admitted and allowed to prosecute the suit as next friend, and leave was given to amend by filing additional counts.

The complaint as amended contained three counts, each claiming five thousand dollars damages.

The first count averred that defendant owned and operated a street horse car railroad, on Government street, a public street of the city of Mobile, and that it became and was the duty of said company, to take needful and proper precautions to so run, and operate its cars and road as not to endanger the safety of foot passengers, and to that end it was the duty of defendant to provide cars with good and sufficient brakes or machinery, to control the movements of its cars, and stop and check the same when necessary, and to have its cars run with due care, and to provide careful, discreet and competent drivers; that plaintiff was run over on the 31st day of March, 1869, by one of defendant's cars while he was crossing Government street, at a public crossing—to-wit: where it is crossed by the intersection of Water street—whereby his foot and leg were crushed and mangled, and that from said injury he was sick a long time, suffering great pain of mind and body, and incurred great expense, to-wit five hundred dollars, and is permanently injured and crippled by said injuries, and that said injuries were occasioned and suffered by the gross negligence of defendant, in using and running on said road a car which was out of order, not having sufficient brakes or machinery to control the motion of the car, and unfit to be so used and employed, and while said car was in charge of an incompetent, unskillful and ignorant driver," wherefore plaintiff sues, &c.

[Government Street R. R. *v.* Hanlon.]

The second count was similar to the first, except that it alleged "that Government street was an ancient and public highway, and that defendant conducted one of its cars in so careless and negligent a manner and with such want of prudence and care, and with such disregard of its duty towards passengers on foot upon and along said street, that plaintiff while crossing said street at a public crossing—the intersection of Water street, another ancient and public highway—was by reason of such want of care and prudence, and disregard of the duty of defendant to foot passengers in said street, run over by one of defendant's cars, whereby his leg was crushed," &c., in consequence of which he suffered great pain and was permanently injured, &c., and put to great expense for medical care, &c., to his damage, &c.

The third count was similar to the second, and averred that plaintiff while on Government street, and near a public crossing, was knocked down and run over by one of defendant's cars passing along said road, whereby his leg and foot were crushed, &c., and that said injuries were occasioned by the negligence of defendant, its servants and employees, without fault or negligence on plaintiff's part immediately contributing thereto," wherefore he sues, &c.

The following grounds were assigned, among others, for cause of demurrer to the first count:

1st. Because plaintiff was not entitled to an action for "expense incurred," nor the value of time lost in consequence of the accident.

2d. Because the count is argumentative and uncertain, claiming damages, but not specifically setting forth the particular ground on which damages are claimed, but sets forth several supposed causes of action.

3d. Because it is informal and insufficient.

The second and third counts were demurred to, on the following, among other, grounds:

1st. That they do not show any cause of action in plaintiff for expenses of nursing and medical attention.

2d. That the counts are uncertain, and contain a mere recital by way of averments of various facts which might have constituted a cause of action, if properly set forth, but which are not positively affirmed as grounds of action.

3d. Because it is not shown that the plaintiff was without fault or negligence.

These demurrers were overruled, and a trial had upon issues joined (but not disclosed by the record) on the 7th day of May, 1874, which resulted in a verdict and judgment for the plaintiff, for the sum of six thousand, eight hundred and

[Government Street R. R. *v.* Hanlon.]

thirty dollars and forty-three cents. No objection appears to have been raised to this verdict in the court below The defendant reserved a bill of exceptions and now brings the case here by appeal.

The evidence showed that Edward Hanlon was about three and a half years old, when he received the injury complained of. He, in company with his brother, some two years older than himself, were on the track of the street railroad on Government street, where it and the railroad were crossed by the public crossing at the intersection of Water street, when he was knocked down and run over by a "sweeping-car," about five o'clock in the evening, and received injuries to his leg and ankle which permanently disabled him. At the time of the accident, the two children were going from the south side to the north side of Government street, and were some seventy-five yards distant from their father's residence, in the city of Mobile. For what purpose the children went upon the street, and whether with, or without, the permission or knowledge of their parents, was not shown. Government street is one of the main thoroughfares of the city of Mobile, and about one hundred and forty-five feet wide. The defendants had operated their railroad with cars drawn by animals, on the street for a number of years, and where the accident occurred there was a down grade. The evidence introduced on behalf of the plaintiff tended to show, that the accident was the result of negligence on the part of the driver in going at too great speed and in not keeping a proper lookout, while the testimony on behalf of the defendant tended to establish that the car was run only at its usual rate of speed, was in good order, and driven by a competent and prudent driver who was watchful, and did all he could to stop after perciving the children, and that this "sweeping" or "scraping" car was following some twenty feet behind a passenger car, for which reason the driver could not see plaintiff until it was too late to stop.

The court of its own motion gave several written charges to the jury. The first instructed the jury that it was for them to determine whether the plaintiff was injured by the negligence of defendant, and to ascertain this they might look at the driver's behavior, the condition of the car, the condition of the brakes, the position of the complainant, and other circumstances.

The second charge instructed the jury, in substance, that it being admitted that the plaintiff was a minor, between three and four years of age, the negligence of his parents can not be imputed to him, and he is only bound to the exercise

of such discretion as is to be expected of one of his years, and if the jury find that the defendant was guilty of negligence or want of ordinary care, their verdict must be for the plaintiff.

The third charge instructed the jury in case their verdict was for the plaintiff, that "they must assess the damages, and in assessing them, must take into consideration what would be adequate and just compensation to plaintiff for the injuries sustained by him, acting in a conscientious spirit."

The defendant excepted to the giving of each of these charges and requested several charges in writing, some of which were given and others refused.

The charges refused asserted in substance :

1st. If plaintiff was of four years of age or less, living under the care of his parents, and when injured was on defendant's track on Government street, unattended save by another child a year or two older, the law presumes that negligence of his parents contributed to the injury ; and unless his presence is explained, the jury must find for the plaintiff.

2d. It is incumbent on the part of the infant plaintiff to show, that he was not on the railroad track through his parent's negligence.

3d. The jury must find for the defendant if they believe that the negligence of plaintiff's parents contributed to the injury, and although defendant was guilty of negligence, yet if plaintiff, or those having him charge, were guilty of negligence, plaintiff could not recover.

4th. If the plaintiff's parents permitted him to go on a frequented street where a railway is operated, unattended by some person of the years of discretion, this was *prima facie* evidence of negligence ; and if while thus situated, the child was injured by one of defendant's cars, through the negligence of a driver, the child's situation, if unexplained, is evidence of such negligence that he can not maintain this action.

The ruling upon the demurrers, the charges given by the court of its own motion, and the charges refused, and that the verdict gives damages exceeding those claimed in the complaint, are now assigned for error.

THOS. H. HERNDON and P. J. PILLANS, for appellant.— 1. The court in the charges given, and by its refusal to give the charges asked by appellant, affirmed, *as matter of law*, that plaintiff, on account of his tender years, could not be personally charged with negligence, or be guilty of contribu-

[Government Street R. R. *v.* Hanlon.]

tory negligence. That an infant may be guilty of negligence which will excuse one for an injury, or debar the infant's right of action, is well settled. 21 Ala. 675; 97 Eng. Com. Law 287; Tyler on Inf. and Coverture, 176. Whether the plaintiff was capable of negligence, was a pure question of fact for the jury. The charges given determined it as matter of law, and were erroneous for that reason. 40 Cal. 454; 104 Mass. 52; 36 Missouri 489; 19 Conn. 187.

2. The weight of authority and reason are in favor of the proposition, that negligence of the parent or guardian of an infant, contributing to an injury received by him, can be imputed to the infant so as to bar his action. 21 Wen1ell 615; 9 Allen, 401; 38 New York; 36 Barbour, 384; 33 Howard, 195; 100 Mass. 512; 28 Indiana, 573; 42 Illinois, 174; 97 Eng. Com. Law, 287. Many of these cases hold that the mere fact of the child being on a populous street unattended, is *prima facie* evidence of negligence on the part of the parent; while others hold that it is a question for the jury.

The opposite view is laid down more unqualifiedly by the Pennsylvania court than in any other State, but in later cases arising there, the doctrine of non-accountability is somewhat hesitatingly maintained. Wharton on Negligence, § 310 and note. An examination of the cases from other States, which are relied on by appellee, will show that the precise question here, was not raised or decided in them. The distinction is that if the infant was *rightfully* in the street, or at the place where the injury occurred, then if he was guilty of any negligence, it is held that such negligence is not the negligence of the parent, but that of the child personally, and may be the result of childish "instinct," and to be measured by his capacity.

3. The decision in *Drake* v. *Johnson & Seats*, 49 Ala., and other cases, is not applicable to this case. In this case the verdict of the jury is not based on mathematical calculation, but is controlled by their discretion. The reason for the decision in the cases referred to is, that the verdict is erroneous, is clear, and the judgment based on it is necessarily erroneous, wherefore the appellate court will not reverse, because the defendant might have had the correction in the court below, by motion for new trial. The granting of a new trial is within the discretion of the court below, and that discretion is not revisable. The motion for new trial is not a part of the record on appeal. The rule laid down in those cases leaves the defendant at the mercy of the jury, and gives

[Government Street R. R. *v.* Hanlon.]

him no remedy unless the judge, *in his discretion*, sees fit to allow it.

ALEXANDER MCKINSTRY, *contra*.—1. The charges given by the court were correct expositions of the law.  15 Wallace, 402; 17 Wallace, 657; 29 Ala. 302; 30 Ala. 318; 26 Ala. 203; 38 New York, 455; 31 Pa. State, 372; Wharton on Negligence, § 313; Shearman & Redfield on Negligence, § 48.  And these authorities sustain the refusal to give the charges requested by defendant.  Even if some of these charges were improperly refused, the record shows that the case was fairly put to the jury, and the error could not have worked any prejudice to the defendant.  32 Ala. 108; 29 Ala. 174.

2. The complaint contained a substantial cause of action. No objection was taken to the verdict and judgment in the court below, and it is too late to raise the question here for the first time.  Rev. Code, § 2811; 29 Ala. 473; 20 Ala. 392; 18 Ala 472.

BRICKELL, C. J.—The demurrers to the complaint, original and amended, were properly overruled.  The action corresponds to the common law action of trespass on the case, for the recovery of damages for personal injuries sustained by the plaintiff, in consequence of the negligence of the defendant and its servants.  The injury the plaintiff suffered—the manner in which it was produced, and the negligence imputed to the defendant as its cause, are stated with sufficient certainty.  The allegation that the injury happened in consequence of the negligence of the defendant, implies that there was no negligence on the part of the plaintiff contributing to it.  It was not necessary to aver specially that the plaintiff was in the exercise of reasonable care, or without fault, when the injury occurred.  If on the evidence it appeared he was not, and the injury was attributable either wholly or in part, directly to such want of care, it was available to the defendant under the general issue.  *Steele* v. *Burkhardt*, 104 Mass. 59.  Nor is the complaint demurrable, if it is conceded that some of the averments of special damage embrace causes for which he cannot recover, while other averments embrace causes for which he may recover. The averments of such causes could be stricken from the complaint, and it would still disclose a good cause of action. These averments are therefore mere surplusage, not affecting the sufficiency of the complaint.  *Perry* v. *Marsh*, 25 Ala. 659.

VOL. LIII.

[Government Street R. R. *v.* Hanlon.]

The questions whether the defendant had been guilty of the negligence alleged, and whether that negligence caused the injury of which the plaintiff complained, were properly submitted to the jury. No objection is made to the instructions given by the court on this question. The errors assigned refer principally to the instructions given, or refused, respecting the negligence of the plaintiff himself, or of his parents, supposed to have contributed to the injury he sustained.

The general principle, that although a defendant has been guilty of culpable fault or negligence, producing an injury, yet, if his act was not wanton and intentional, and if the plaintiff by his own misconduct or negligence amounting to a want of ordinary care, essentially contributed to produce the result, he cannot recover, is not controverted. The principle is applicable in all cases, where injuries to persons or property form the subject of inquiry. The reason on which it rests, as stated by Mr. Wharton, is, "that by the interposition of the plaintiff's independent will, the casual connection between the defendant's negligence and the injury is broken." Law of Negligence, § 300. In the adjudged cases, the reason most frequently assigned, is, that were the law otherwise, a plaintiff might compel compensation for his own wrong; and, being in fault, it is not possible to ascertain what proportion his fault bore to the fault of the defendant, or whether without his fault, injury would have been produced. Adopting either form of expressing the reason, involves that the plaintiff is capable of volition—capable of legal wrong. The principle is therefore accepted with the qualification, that the plaintiff to whom it is applied, is capable of an independent will—f legal wrong. Wharton, Law of Negligence, § 301. When the act or omission attributed to the plaintiff as contributing with the negligence of the defendant, in causing the injury, is the result of compulsion forced upon the plaintiff, it will not be viewed as the act or omission of an independent will, debarring him from redress for the damage he may sustain. Ib. § 89. If a man under a sense of superior duty, so instantaneous, and of such a high and absorbing nature, as for the time renders him unconscious of impending danger, should voluntarily expose himself to it, contributory negligence will not be imputed to him. In such case, the defendant must be regarded as the real and only author of the injury which may ensue. His want of ordinary care invoked the peril, giving rise to the high duty which must be discharged, even though it possibly involved the loss of life or limb to the plaintiff. The illustration is found in a recent case: *Eckert v. L. I. R. R. Co.,*

[Government Street R. R. v. Hanlon.]

43 N. Y. (4 Hand) 502. A man saw a little child three or four years of age, sitting or standing upon a railroad track, and a train of cars rapidly approaching. Seeing the child was in immediate danger of being crushed by the train, he ran to it, and seizing it, threw it clear of the track, on the opposite side from which he came, but continuing across the track himself he was stricken down by the locomotive or tender, and died in a few hours from the injuries he received. In an action by his administrator, against the railroad company, it was insisted the deceased had voluntarily placed himself in the position in which he received the injury producing his death, and thereby contributed to it. It was held by the court, that under the circumstances it was the duty of the deceased to exercise his judgment as to whether he could probably save the child without serious injury to himself. If, from the appearances he believed he could, it was not negligence to attempt to do so, although believing that possibly he might fail, and receive injury himself. Wharton, Law of Negligence, § 308. A passenger, placed in a state of peril, by a carrier's want of proper skill or care, having reasonable apprehension of immediate injury, leaps from a coach, though he thereby increases the peril, or causes the coach to upset, may recover for the injuries he suffers. It was the carrier's fault that placed him in the peril, presenting as the only alternative of escaping injury, the leaping from the coach, and he would be in effect availing himself of his own wrong, if permitted to say, if the plaintiff had remained in the coach, the injury would not have occurred at all, or would have been less serious. Stokes v. Saltonstall, 13 Pet. 181; Wharton, Law of Negligence, § 93. There are many cases of self-injury done in fright, or by persons acting precipitately, under sudden excitement, to which this general principle of concurring or contributory negligence has not been applied, to relieve from liability the author of the fright, or the excitement, though in its absence the principle would be applicable in its full force. Wharton, Law of Negligence, §§ 94, 95, 377. They rest on the principle that the plaintiff by the act of the defendant was temporarily irresponsible. For a like reason, persons deprived of their senses, as the deaf or blind, and persons of unsound mind, are without the operation of the principle. Ib. § 306, 7.

It would seem to follow, that a child under the age of seven years, should be absolutely exempt from the operation of the principle. Thought, discretion, judgment or will cannot be legally imputable to him—he cannot be adjudged guilty and punished for crime. Bishop Crim. Law, § 461.
VOL. LIII.

[Government Street R. R. v. Hanlon.]

Not having an "independent will"—incapable of choosing between the right and the wrong, between care and rashness, the creature of instinct and impulse, there is no ground on which to base negligence. From him duties to others are not exacted, while duties to him are recognized and compulsorily enforced. Negligence has the same significance, whether applied to a defendant as creating a cause of action, or to a plaintiff in bar of an action for a redress of injuries. It is a breach of the duty owing by the one to the other, under the circumstances existing when an injury occurs. A defendant may be guilty of negligence, and of consequence a breach of duty. He who is subject to be affected by it, owes the duty of reasonable care, to avoid injury from it. If the public highway is negligently obstructed by one, another who is in its use may not cast himself on such obstructions, and recover damages from him who placed them there. Nor can he recover, if riding with great violence, and without ordinary care, he is injured by coming in contact with them. The law imposes on him the duty of using common and ordinary care to be in the right. Says Lord ELLENBOROUGH : "one person being in fault will not dispense with another using ordinary care for himself." *Butterfield* v. *Forrester*, 11 East 60. The party guilty of such obstructions could not exact from the blind man, who has been accustomed to pass the highway without danger and injury, care and diligence to avoid them. If to him injury ensued, it could not be an answer that they could have been seen, and easily passed around. Avoiding them by sight, is not a duty he can exact from the blind. Nor could he demand from the person of unsound mind, who is in the lawful use of the highway, any care in avoiding them. The duty rests only on him who is capable of appreciating, and avoiding injury from them. A child below the age of seven years, irresponsible, incapable of discretion, could as well be subjected to liability for negligence, as to permit one fully *sui juris*, by the imputation of negligence, to escape the responsibility of his own wrongful act. The child owes to him no duty, because incapable of performing it. Such is the doctrine of cases determined in courts of the highest authority.

The case of *Lynch* v. *Nerdin*, 1 Ad. and Ell. 28, (41 Eng. Com. Law, 422), has been doubted in England, but has never been overruled, and has been accepted as a very just and sound exposition of the law by the courts generally of this country. The facts were that the defendant negligently left his horse and cart unattended in the street. The plaintiff, a child about seven years of age, got upon the cart in

[Government Street R. R *v.* Hanlon.]

play; another child incautiously led the horse on, and the plaintiff fell, was run over by the wheel and his leg broken. Though the plaintiff would, if of years of discretion, have been a trespasser in getting upon the cart, and though his wrongful act contributed to the injury he received, he was allowed to recover. The real cause of his injury was not his pursuing the natural instinct of a child, in amusing himself with the empty cart and abandoned horse, but it was the negligence of the defendant in leaving his horse and cart unattended on the public street. A recent case in Minnesota, reported in the 11th number of the "Central Law Journal," for the present year, is an illustration of the doctrine. A railway company built near its depot, in a small town, a turn-table, for the purpose of turning its engines. It was left unlocked and unguarded, and children were in the habit of playing upon it. While so playing with other children, the plaintiff, an infant about seven years of age, was injured, and it was held he was entitled to recover damages of the company. Their negligence in leaving the table unguarded and unlocked, so that children not conscious of the dangers they incurred, would be tempted to play with and on it, relieved the plaintiff from being regarded as a trespasser or contributing to his injury. *Keep* v. *Milwaukee and Saint Paul Railway Company.* True, this decision seems to proceed on the hypothesis, that the plaintiff, a mere child, was lured by the defendant into the playing with the table, but it really rests on the plaintiff's want of volition and discretion. In *Key* v. *Penn. R. R. Co.,* 65 Pa. 269, a child, nineteen months old, crawled on the track of a railroad, on the premises of the company, and was injured by a train passing. Actual negligence of the company, or its servants, being shown, the incapacity of the child to know and avoid danger, was declared to shield it from responsibility for contributory negligence. In *Whirley* v. *Whitman,* 1 Head, (Tenn.) 610, a child, three or four years of age, going on the unenclosed premises of the defendant, and sustaining injury by meddling with machinery left unguarded, was declared entitled to recovery for injuries he sustained. The court accepting Lord DENMAN'S definition of ordinary care, that it "must mean that degree of care which may reasonably be expected from a person in the plaintiff's situation," say, "to exact of the plaintiff a degree of caution and prudence, which he could not possibly be possessed of, would be an absurdity." The supreme court of the United States have maintained this doctrine to the full extent necessary to support the plaintiff's action. *R. R. Co.* v. *Gladmon,* 15 Wall. 401; *R. R. Co.* v.

[Government Street R. R. *v.* Hanlon.]

*Stout*, 17 Wall. 660. And while there is some conflict in the authorities, it seems to us it should be regarded as settled by the weight of authority in this country, that when a child of tender years, to whom judgment and discretion cannot be imputed, but who is conclusively presumed incapable of their exercise, is injured by the negligence of an adult, that contributory negligence shall not be considered as available in defence of his right to redress. Wharton, Law of Negligence, §§ 309–10.

When the injury occurred, the plaintiff was three or four years of age—was attended by his brother but a year or two older. The place of the injury was one of the ancient and principal streets of the city of Mobile, which this court near forty years ago, declared the municipal authorities of the city could not, without the sanction of the legislative power of the State, obstruct, or render less commodious to the free passage of the citizen, by the erection of a market for public use and convenience. *State* v. *Mayor and Aldermen*, 5 Port. 279. In the language of the common law, it is the *King's highway*—a thoroughfare, a public passage for the King and all his subjects. The individual right of every citizen, no matter of what age or sex; whether sane or insane, lame or halt, blind, deaf or dumb; to pass and repass on this highway is of the same nature as his dominion over his own premises. So long as it is used as a highway, without prejudice to the right of others to a similar use, the right of use is absolute and unqualified. The easement the defendant enjoyed was subordinate to this paramount right of the citizen, and must have been used, so as to narrow and circumscribe it as little as possible. The plaintiff was lawfully on this highway—lawfully on that part of it devoted to the crossing of those on foot from the one side to the other. His presence there, in such use as he was capable of making of it, should have induced every mature person, to take greater care than he otherwise would have taken—a degree of care adapted to the plaintiff's capacity to protect himself. Whoever failed in this duty, if the failure resulted in injury to the plaintiff was guilty of actionable negligence. The defendant or its servants, should have exercised greater care in the running of its cars to avoid coming in contact with the plaintiff, than they would have exercised if an adult had been in the plaintiff's position. Not observing it, they must be responsible for the injury resulting to the plaintiff.

Whether the plaintiff and his brother had been by their parents sent on an errand, or were merely permitted to go into the street, for exercise or diversion, does not appear from

6

the testimony disclosed in the bill of exceptions, nor is it
material in the view we take in this case.    Whether negli-
gence on the part of a parent in exposing an infant child to
danger, will bar an action brought by the child, against him
who negligently causes injury, is a question which has
been the matter of frequent controversy in the courts of this
country.    The affirmative is maintained by the courts of
Maine, Massachusetts, New York and Indiana, while the
negative is supported by the courts of Connecticut, Min-
nesota, Wisconsin, Ohio, Tennessee, Vermont, Pennsylvania,
and the supreme court of the United States.    The authorities
are collected in Wharton, on Law of Negligence, § 309 and
312.    The parent is entitled to the custody of the child, and
the law demands from him a care, maintenance and protec-
tion commensurate with his ability and the child's wants.
But we know of no principle of law, which will justify a
denial of the child's legal rights, because of the failure of
the parent to extend to him the protection which the law
demands.    When the parent fails in this duty, there would
seem to be greater reason for extending to the child a higher
degree of civil protection.    It is certain that under the law
of this State, the parent cannot by any act, or omission, im-
pair any right of property which the child may have.    When
the child sues to recover damage for a personal injury, the
father cannot dismiss, release or compromise the suit.    *Isaacs
v. Boyd*, 5, Port. 388.    As he cannot exercise any authority
over the suit, no act of his should be received in evidence to
defeat it.    If a child should be abandoned by his parents,
thrown out as a mere waif on society, it is not possible it
seems to us, that one who negligently inflicts on it an injury,
can be heard to invoke the parent's crime, to shield himself
from liability for wrong.    It seems repulsive to our sense of
justice, that because the parent is negligent of his child,
others may with impunity, be equally negligent of its help-
lessness, and equally indifferent to its necessities.    The law
may not compel active charity for the relief of the child, but
it does shield him from positive wrong or neglect.    Without
inquiring therefore, whether negligence can be imputed to
the parents of the plaintiff, because they permitted him to go
into a crowded street of a populous city, unattended except
by a brother not capable of protecting him, we do hold, that
if it were negligence, it cannot be charged to the plaintiff or
affect his right of recovery in this case.    The court did not
err in any of the charges given, or in the refusal of charges
requested.

The statute declares, "no judgment can be arrested, an-

[Holland v. Barnes.]

nulled, or set aside for any matter not previously objected to, if the complaint contains a substantial cause of action." R. C. § 2811. The damages assessed by the jury exceed the amount claimed in the complaint, and the judgment pursues the verdict. No objection was taken in the court below to the rendition of judgment. The judgment pursues, and of necessity pursues the verdict. If there be error, it is in the verdict, and not in the judgment. An error in a verdict must be corrected by a motion for a new trial, or a motion to set it aside. No such motion appears to have been made in the court below, and cannot now be made here. To entertain it here would be in violation of the statute.

The judgment is affirmed.