JOEL MARBLE & another, administrators, *vs.* AUSTIN ROSS.

Hampshire.    Sept. 17, 1877. — Feb. 8, 1878.    ENDICOTT & LORD, JJ., absent.

In an action for injuries caused by a vicious animal kept by the defendant in his pasture, the mere fact that the plaintiff was a trespasser at the time will not, as matter of law, defeat the action, if his own negligence did not contribute to the injury; and the fact that he knew that the animal was in the pasture, and was dangerous, is not conclusive evidence of negligence on his part, but should be submitted to the jury; but an instruction that, if the plaintiff was guilty of negligence which contributed to the injury, he could recover, if the defendant's negligence was of a more gross and unpardonable character, is erroneous.

TORT for personal injuries received by C. L. Marble, the plaintiffs' intestate, from a castrated bull or stag owned by the defendant.    Trial in the Superior Court, before *Allen*, J., who allowed a bill of exceptions in substance as follows:

There was evidence tending to show that the plaintiffs' intestate received the injuries complained of in the defendant's pasture, where he was at the time a trespasser; and that, at the time he went there, he knew that the stag was there, and understood that it was vicious.    It was not contended that the defendant placed his stag in the pasture with any purpose of keeping off trespassers, or of having the stag frighten or injure any one.

There was conflicting evidence as to whether the injury was caused by the stag, and whether or not the stag was vicious and accustomed to attack mankind, and known to be so by the defendant; and this evidence was submitted to the jury under proper instructions.

The defendant asked the judge to rule and instruct the jury as follows ·

" 1. If the jury are satisfied that the plaintiffs' intestate was trespassing upon the defendant's pasture at the time of his injury, and received his injury while so trespassing, then, although the injury was caused by the defendant's stag, the plaintiffs are not entitled to recover.

" 2. Although the jury may find that the stag of the defendant was ferocious and accustomed to attack mankind, and with the knowledge of the defendant, yet, if the defendant kept the stag in his own pasture, he would not be liable for any injury to a stranger trespassing upon the pasture without the knowledge of the defendant and without right.

" 3. Although the jury may find that the stag was ferocious, with the defendant's knowledge, yet if the defendant put him into his own pasture without any intent or purpose of having the stag drive off trespassers or strangers, then the defendant is not liable for any injury to Marble occasioned while he was trespassing on the pasture.

" 4. If the stag kept by the defendant was ferocious, and was confined and kept by the defendant in his own pasture, and if Marble went into the pasture, a trespasser, and with the full knowledge that the stag was there and that he was ferocious, then the plaintiffs cannot recover for any injury received during such trespassing.

" 5. If the stag kept by the defendant was ferocious, and was confined and kept in the defendant's pasture without any intent of having the stag drive off, chase or injure people going on to the pasture, and if Marble went into the pasture with full knowledge that the stag was there and was ferocious, then the defendant is not liable for any injury received by Marble while he was so trespassing."

The judge declined to rule as requested, and instructed the jury as follows: " The defendant contended, in the first place, that Marble was a trespasser upon the pasture where the animal was kept, when the accident happened, and that as such he was a wrongdoer; in the next place, that he did not exercise the degree of care and prudence that it was required of him to exercise; that he went voluntarily, knowingly, into the presence of the alleged dangerous animal. The general rule applicable to that defence is this : If Marble was a wrongdoer himself, that

does not necessarily deprive him of a right of action. Assuming that the defendant was a wrongdoer and kept a vicious animal which he knew to be vicious, if Marble was injured in consequence of some wrongdoing on his own part, it would not follow conclusively that he could not recover for the injury. That would depend upon the circumstances, upon the character and extent of the wrongdoing on his side. It is a practical question for you to determine, whether Marble was so to blame, did so bring this upon himself, as to deprive him of a remedy for the injury sustained. That depends, to some extent certainly, upon the degree of wrongdoing upon the one side and the other. So of the negligence ; it depends upon the proportion, so to speak, between the wrong of the defendant in keeping such an animal and the negligence shown by Marble in putting himself in the way of it. Circumstances can be supposed in which the negligence, the wrongdoing of a party, of itself, would prevent him from recovering for an injury occasioned partly by his own act and partly by the wrong act of another. You could easily imagine negligence of a party that would prevent him from recovering for the consequences of like wrongdoing. You may suppose that a party has entered a house for a felonious purpose and is injured ; he would not have a right of action for the injury, when if he entered for an honest purpose he would have. Suppose a person exposes himself voluntarily and wilfully to a dangerous animal, he would have no right to recover, when he would have had, if he had shown less wilful misconduct. Suppose, in a menagerie of wild animals, a man deliberately passes the bounds set, and wilfully puts his hand into a tiger's cage ; you would say he ought not to recover, as there is a degree of wilful negligence amounting to misconduct. So you may say a person may show some degree of negligence, and yet so slight in comparison with the danger to which he is exposed by the wrongdoing of another, that it should not prevent him from recovering. If you find that he was a trespasser, that is to be taken into the account. How much weight is to be given to that is for you to determine upon the evidence. It is a circumstance to be taken into the account. It is a circumstance whether he was in the use of due and proper care ; because a man who goes upon land as a trespasser has no right to expect that the owner of it will use the

same precautions in regard to him as he would in regard to a person who goes by invitation. It is a circumstance to be taken into account in determining whether he was in the exercise of a proper degree of care.

"The defendant contends also that Marble, when he went into the pasture, had notice that the stag was there, and had notice of his vicious propensities. If you believe that Marble did go into the pasture under the circumstances, knowing this animal was there, this is to be considered by you in determining whether his act in so doing was of such a nature and character as to deprive him of any remedy for the injury received from the stag, whether it was of such a nature as would be likely to produce the injury, such gross carelessness, wanton carelessness, calculated to bring upon him this very injury. It certainly would be for you to hesitate before you decided he could maintain an action for that very injury. If you think it was somewhat negligent, but that the negligence or the wrong was trivial in comparison with the wrong done by the defendant in leaving such an animal there, you may take a different view. It is left entirely for you to determine upon the whole evidence, and upon the situation of the parties, and it is for you to determine whether the defendant is liable, whether the conduct of Marble is such as to deprive him of any remedy for the injury received, that he drew upon himself the injury and ought not to recover."

No exception was taken to the charge, except so far as it was in conflict with the rulings asked for. The jury returned a verdict for the plaintiffs; and the defendant alleged exceptions.

*H. H. Bond*, for the defendant.

*W. G. Bassett*, for the plaintiffs.

MORTON, J. The law imposes a stringent responsibility upon a man who knowingly keeps a vicious and dangerous animal. He is liable to any person who, without contributory negligence on his part, is injured by such animal, and he cannot exonerate himself by showing that he used care in keeping and restraining the animal. He takes the risk of being able to keep him safely, so that he shall not injure others. The owner's negligence is in keeping the animal, knowing that it is dangerous. *May* v. *Burdett*, 9 Q. B. 101. *Popplewell* v. *Pierce*, 10 Cush. 509. *Card* v. *Case*, 5 C. B. 622. But, in actions for such in-

juries, the general rule of law, which prevails in all actions for negligence that the plaintiff cannot recover if his own negligence contributed to produce his injury, applies. In the cases of this character which have arisen in this court, this has been assumed and acted on as the law. *Munn* v. *Reed*, 4 Allen, 431. *Lyons* v. *Merrick*, 105 Mass. 71.

In the case at bar, it appeared that the defendant knowingly kept a vicious and dangerous stag in a large pasture, and the plaintiffs' intestate, while in the pasture, was attacked and injured by it. The defendant requested the court to rule that if the plaintiffs' intestate was a trespasser in the pasture, they could not recover. We are of opinion that the court rightly refused this ruling. The mere fact that the intestate was upon the defendant's land without his consent would not defeat the right of action. The unlawful character of his act did not contribute to his injury or affect the defendant's negligence.

In *Spofford* v. *Harlow*, 3 Allen, 176, it was held that the fact that the plaintiff was driving on the left side of the road, in violation of a statute, would not prevent his recovering for an injury from a collision caused by the negligence of the defendant. See also *Smith* v. *Gardner*, 11 Gray, 418.

In *Steele* v. *Burkhardt*, 104 Mass. 59, and in *Kearns* v. *Sowden*, 104 Mass. 63 note, it was held that, in an action for an injury to the plaintiff's horse, caused by the negligence of the defendant, the fact that the plaintiff was permitting his horse to stand in the street in violation of an ordinance of the city did not defeat his right to recover.

In *Davies* v. *Mann*, 10 M. & W. 546, the plaintiff negligently left his donkey in a public street, with his fore legs fettered, and the defendant drove over him carelessly. It was held that the plaintiff could recover, notwithstanding his negligence, it being a condition, but not a contributing cause, of his injury.

The fact, therefore, that the intestate was committing an unlawful act at the time of his injury would not prevent his recovery. Nor does the fact that this unlawful act was a trespass upon the defendant's land necessarily have this effect. It is true that, as a general rule, a trespasser who is injured by a pit or dangerous place upon the land of another, excavated or permitted for a lawful purpose, cannot recover damages therefor, be-

cause the owner of the land owes no duty to him, and therefore is not negligent as to him ; but it is clear that the owner of land cannot wantonly injure a trespasser. If he does, he is liable civilly as well as criminally. The law holds the keeper of an animal known to be dangerous, which injures another, to the same degree of responsibility as in cases of wanton injury, and the fact that the person injured is trespassing does not exonerate such owner from the consequences of his negligence. Suppose a child had entered the defendant's pasture for the purpose of picking berries or of crossing the pasture, and had been gored by the defendant's stag ; he would have been a trespasser, but would he be therefore remediless ? *Bird* v. *Holbrook*, 4 Bing. 628. *Loomis* v. *Terry*, 17 Wend. 496. *Meibus* v. *Dodge*, 38 Wis. 300. *Hooker* v. *Miller*, 37 Iowa, 613.

We are of opinion that, though the intestate was in the defendant's pasture without his consent, and therefore was a trespasser at the time of the injury, yet the action may be maintained, if he was in the exercise of due care.

Upon the question of due care, the defendant asked the court to rule that, "if the stag kept by the defendant was ferocious, and was confined and kept in the defendant's pasture without any intent of having the stag drive off, chase or injure people going on to the pasture, and if the plaintiffs' intestate went into the pasture with full knowledge that the stag was there and was ferocious, then the defendant is not liable for any injury received by him while so trespassing."

The court was not required to give this instruction in the words of the request, unless the fact that Marble knew that the stag was in the pasture and was dangerous was conclusive evidence of negligence on his part in entering the pasture. If Marble voluntarily and negligently put himself in a position which was likely to result in injury, and the injury happened, his negligence is a contributing cause, and he could not recover. The fact of his knowledge that the stag was in the pasture and was dangerous would be important evidence tending to show negligence, but we cannot say, as matter of law, that it would conclusively prove it. This might depend upon the size of the pasture, the position of the stag in it, and other circumstances which are proper for the consideration of the jury. The test

is, whether the plaintiffs' intestate, in entering the pasture, exercised that degree of care which reasonable and prudent men use under like circumstances. This is a question of fact for the jury upon all the evidence.

But we are of opinion that the instructions which the court gave upon the subjects embraced in the defendant's requests were erroneous, and that this objection is open to the defendant under this bill of exceptions. Without repeating the instructions in detail, the whole tone and spirit of them was calculated to lead the jury to understand that, although Marble was guilty of negligence which contributed to his injury, yet he could recover, if in their judgment the defendant's negligence was of a more gross and unpardonable character. In other words, the learned presiding judge adopted the rule of comparative negligence, which prevails in Illinois and Georgia, instead of the rule of contributory negligence, which prevails in this state and in most other jurisdictions. For this reason there must be a new trial.                                  *Exceptions sustained.*