### FRANCIS L. WHITE *vs.* JOHN P. LANG.

Suffolk.    March 3. — June 30, 1880.    ENDICOTT & SOULE, JJ., absent.

If a person, while unlawfully travelling on the Lord's day, is injured by the assault of a dog, the act of travelling is not a contributory cause of the injury, and he can maintain an action against the owner of the dog, under the Gen. Sts. *c.* 88, § 59, to recover double the amount of damage sustained.

TORT, under the Gen. Sts. *c.* 88, § 59, to recover double the amount of damage alleged to have been caused by the defendant's dog.    Answer, a general denial.

At the trial in the Superior Court, before *Pitman*, J., without a jury, it appeared that the plaintiff, on Sunday, April 8, 1877, was driving his horse and buggy along a public highway in the city of Boston; that, while so driving, the defendant's dog jumped at the head of the plaintiff's horse and frightened him so that he became unmanageable, ran, and overturned the buggy, whereby the same and other property of the plaintiff was damaged; and that, before the accident, the defendant knew of no mischievous or vicious propensity in the dog to attack or harass persons or animals.

The defendant offered evidence to show that the plaintiff was unlawfully travelling on the Lord's day, and not from necessity or charity; but the judge ruled that these facts would constitute no defence, or prevent the plaintiff from recovering; and found for the plaintiff in double the amount of damage sustained by him.    The defendant alleged exceptions.

*H. E. Ware,* for the defendant.

*E. T. Buss,* for the plaintiff.

MORTON, J. We must assume, for the purposes of this case, that the plaintiff was unlawfully travelling on the Lord's day. But this fact does not defeat his right to recover, unless his unlawful act was a contributory cause of the injury he sustained. *McGrath* v. *Merwin,* 112 Mass. 467. *Marble* v. *Ross,* 124 Mass. 44, and cases cited. It has been held in this Commonwealth that if a person, who is unlawfully travelling on the Lord's day, is injured by a defect in the highway, or by a collision with the vehicle of another traveller, he cannot recover for the injury. This is upon the ground that his illegal act aids in producing the injury, or, in other words, is a contributory cause. *Lyons* v. *Desotelle,* 124 Mass. 387. *Connolly* v. *Boston,* 117 Mass. 64.

On the other hand, it has been held in several cases that if a person, who is at the time acting in violation of law, receives an injury caused by the wrongful or negligent act of another, he may recover therefor if his own illegal act was merely a condition, and not a contributory cause of the injury. *Marble* v. *Ross,* ubi supra. *Steele* v. *Burkhardt,* 104 Mass. 59. *Kearns* v. *Sowden,* 104 Mass. 63 note. *Spofford* v. *Harlow,* 3 Allen, 176.

We are of opinion that the case at bar falls within the last-named class. If a man while travelling is injured by an assault, the act of travelling cannot in any just sense be said to be a cause of the injury. It is true that, if he were not travelling, he would not have received the injury, but the act of travelling is a condition and not a contributory cause of the injury. The plaintiff when travelling was assaulted and injured by a dog for whose acts the defendant is responsible. Gen. Sts. *c.* 88, § 59. *LeForest* v. *Tolman,* 117 Mass. 109. *Sherman* v. *Favour* 1 Allen, 191. The act of travelling had no tendency to produce the assault or the consequent injury; and therefore, though the plaintiff was travelling in violation of law, it does not defeat his right of recovery. *Exceptions overruled.*