## M. REIS *vs.* J. WENDEL.

### APPEAL FROM POLICE COURT, HONOLULU.

### APRIL TERM, 1884.

#### JUDD, C. J.; MCCULLY and AUSTIN, JJ.

The plaintiff sought to recover damages to his carriage and for loss of its use, occasioned by the furious and reckless driving by the defendant in a public street.

The defendant offered to prove in defense that at the time of the accident the parties were returning late at night from a "hula" dance promoted contrary to law by the plaintiff.

The Court below excluded the testimony.

Held that such evidence afforded no defense, and that the Court below was right in excluding it.

#### OPINION OF THE COURT, BY AUSTIN, J.

ON appeal from the Police Court of Honolulu.

The plaintiff sought to recover below for damages to his carriage and the loss of its use by the furious and reckless driving by the defendant of his horse and carriage in one of the streets of Honolulu.

The defendant offered to prove in defense that when the accident occurred the parties were returning late at night from Waikiki, where they had been attending a "hula" dance, contrary to law, which the plaintiff had originated and promoted.

The testimony was excluded by the Court, and from this the defendant appealed on this point of law.

The defendant claims that the evidence offered would have been a defense within the principle of those cases which hold that one engaged in an unlawful undertaking cannot recover for injuries occurring to him by the negligence of another similarly engaged. We think this principle has been carried too far in many cases. A rule which withdraws a man and his property from the ordinary protection of the law ought not to be lightly established.

It is sufficient to overthrow the defense offered here to say that

when the injury recovered for was done, the parties had left the "hula" and at that time were not engaged in any unlawful act.

Further, "the general principle which allows defenses in such cases is that a party cannot maintain an action when his own illegal act must be shown as a part of his case and to make out his claim."

*Gregg vs. Wyman*, 4 Cush., 327.

In the case at bar no such proof was necessary. The first heard of the "hula" was from the offer of the defendant.

Again, in *Steele vs. Burkhardt*, 104 Mass., 63, Chapman, C. J., says: "And it is true generally that while no person can maintain an action to which he must trace his title through his own breach of the law, yet the fact that he is breaking the law does not leave him remediless for injuries willfully or carelessly done to him and to which his own conduct has not contributed."

This principle is fatal to the defendant.

See also *Hall vs. Corcoran*, 107 Mass., 260 ; *Welch vs. Wesson,* 6 Gray, 505 ; where the doctrine is fully sustained.

The Court in *Sutton vs. Wautosa*, 29 Wis., 21, say : "To make good the defense (of illegality) it must appear that a relation existed between the act of violation of law on the part of the plaintiff and the injury or accident of which he complains, and the relation must have been such as to have caused or helped cause the injury or accident, not in a remote or speculative sense, but in the natural and ordinary course of events as one event is known to precede or follow another."

Cooley on Torts, p. 155.

We think this principle is sound and decisive of this case. The fact that plaintiff, some time previous and in a remote spot from the place of collision, had promoted an unlawful "hula," has no relation, that we can see, to the collision, nor did it in any way contribute to it.

The judgment must be affirmed.

*F. M. Hatch*, for plaintiff.

*J. M. Davidson*, for defendant.

Honolulu, April 7, 1884.