ETHEL L. PEABODY *vs.* WILLIAM H. SWEET.

IRVING L. PEABODY *vs.* WILLIAM H. SWEET.

Cumberland.      Opinion November 25, 1930.

*Harry E. Nixon,*
*Wilford G. Hay,* for plaintiffs.
*Elton H. Thompson,* for defendant.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, FARRINGTON, JJ.

DUNN, J. These separate actions, one by Ethel L. Peabody and the other by her husband, against the same defendant, were tried together in the Superior Court in Cumberland county. The plaintiffs recovered verdicts. Mrs. Peabody, by way of damages for rather serious personal injuries, has a verdict for seventeen hundred and seventy-five dollars; her husband, the other plaintiff, for consequential damages, has a verdict for five hundred dollars.

At the trial, the defendant noted, as applicable to both cases, a single exception. The exception goes to the exclusion of evidence. Also, defendant relies on general motions for new trials, but on neither motion presses excessiveness of damages.

Mrs. Peabody, there was evidence, had opened the right-hand door of her husband's automobile, then at rest and occupied by him, and was about to enter the vehicle when defendant suddenly moved his automobile backward in such a way as to hit against her.

The date of this occurrence was June 18, 1929; the place, land adjacent Higgins Beach in Scarboro. The two cars were parked,

that of the defendant first, headed in the same general direction, some six feet between them.

On plaintiff's version, defendant returned to and was seated in his automobile. He operated the car in forward direction for the distance of a few feet, then backed it, then forward and back again, then forward still once more, this time apparently to continue on from a grassy spot through sand to the public street.

Mrs. Peabody, who had watched the movements of defendant's car, came from behind her husband's car and opened its door. Unexpectedly and without reasonable warning, to continue recital from the evidence for the plaintiffs, the automobile of the defendant was backed, nor merely for a few feet, but in zigzag course to and against Mrs. Peabody, then standing on the running board of her husband's car.

The facts were in dispute.

The question of negligence of the defendant, as well as that of contributory negligence, was, upon the evidence, a question for the jury, as was the question whether the negligence of the defendant was the proximate cause of injury.

Examination and consideration of the record leads this court to the conclusion it can not say that either verdict is manifestly wrong.

Defendant offered evidence, claimed admissible "on the ground of contributory negligence," "to show that plaintiffs were trespassers at the place they parked." Objection was sustained.

Trespassing, if there were trespassing, was on land of a stranger. The right of a trespasser to recover damages is usually denied, not on the ground of contributory negligence, but on the ground that no duty rests on the owner of the land. 48 C. J., 982; *Marble* v. *Ross*, 124 Mass., 44. Assuming trespass, the unlawful character of that act was not a contributing cause of injury.

*Motions overruled.*
*Exceptions overruled.*