Jones, P. J.
This is an action of tort, in which the plaintiff, a married woman, seeks to recover damages alleged to have been suffered because of a bite of defendant’s dog August 7, 1939. It was agreed by the parties that if the plaintiff is entitled to recover, such recovery must be under G. L. (Ter. Ed.) c. 140, sec. 155, as amended by see. 18 of c. 320 of the Acts of 1934, which provides, so far as material to this case, — “If any dog shall do any damage to either the body ... of any person the owner or keeper *370 . . . shall be liable for such damages, unless such damage shall have been occasioned to the body of a person who, at the time such damage was sustained was committing a trespass or other tort . . . ”
The plaintiff’s claim is based upon a bite she received from defendant’s dog, of which defendant is admitted to be the keeper at the time the plaintiff received the bite. The facts were that on August 7,1939, the plaintiff, not knowing of the dog’s presence, while travelling on foot along a path well beaten by travel on land of the Commonwealth, was bitten by a dog approaching from behind, of which the defendant was then the keeper.
The defendant made the following requests for rulings,— 1. That at the time the alleged damage was caused by the defendant’s dog, the plaintiff was a trespasser. 2. That at the time the alleged damage was caused by the defendant’s dog the plaintiff was a trespasser, on the property of the Commonwealth of Massachusetts, being a part of the Sudbury Aqueduct Land, so-called. 3. That the plaintiff cannot recover damages under G. L. (Ter. Ed.) Ch. 140 Sec. 155 as amended by Sec. 18 of Ch. of 320 of the Acts and Resolves of 1934. 4. That the plaintiff cannot recover damages under General Laws, (Ter. Ed.) Chapter 140 Section 155 as amended by Section 18 of Chapter 320 of the Acts and Resolves of 1934, if she was a trespasser at the time of the alleged damage was caused by the defendant’s dog. 5. That the plaintiff cannot recover damages under General Laws (Ter. Ed.) Chapter 140 Section 155 as amended by Section 18 of Chapter 320 of the Acts and Resolves of 1934, if she was a trespasser on property of the Commonwealth of Massachusetts at the time the alleged damage was caused by the defendant’s dog. We have considered all of the foregoing requests and we find no error in their refusal.
*371 The facts in this case fail to show that the plaintiff by her position at the time, even if a trespasser, provoked the dog to bite her by any lack of ordinary care on her part, or that the trespass, if any, was calculated to induce the defendant’s dog to bite her; otherwise, we might have a much different case. Lagault v. Malacker, 166 Wis. 58; 1 Cooley Torts, Fed. 269.
In this jurisdiction, and most jurisdictions, it is held that an unlawful act not contributing to the injury will not bar a recovery. And it was held in the case of Marble v. Ross, 124 Mass. 44, which was an action to recover for injuries caused by a vicious animal kept by the defendant in his pasture, that the mere fact that the plaintiff was a trespasser at the time, if his own negligence did not contribute to the injury, would not bar plaintiff’s recovery; and, in this case, the defendant requested the court to rule that if the plaintiff’s intestate was a trespasser in the pasture plaintiff could not recover, which rule was refused and sustained by the Supreme Judicial Court. Spofford v. Harlow, 3 Allen, 176; Steele v. Burkhardt, 104 Mass. 59; Kearns v. Sowden, 104 Mass. 63.
And the court held in this case that “though the intestate was in the defendant’s pasture without his consent and, therefore, was a trespasser at the time of the injury”, yet the action could be maintained if the plaintiff’s intestate was in the exercise of due care; and, in Tuttle v. Travellers’ Insurance Co., 134 Mass. 175, where the plaintiff, a widow, was enforcing a policy on the life of her husband who was killed upon a railroad track, the court said at pages 176 and 177, — “For example, if one while walking on a railroad track is assaulted by a robber or a dog, or is struck by lightning, his act of travelling there has no tendency to produce the injury, and is not to be deemed a contributory cause thereof.”
*372 And in White v. Lang, 128 Mass. 598, it was held “If a person, while unlawfully travelling on the Lord’s day, is injured by the assault of a dog, the act of travelling is not a contributory cause of the injury and he can maintain an action against the owner of the dog, under the Gen. Sts. c. 88, sec. 59, to recover double the amount of damage sustained.” In the latter case, the plaintiff was driving his horse and buggy along a public highway in the city of Boston on a Sunday at a time when it was unlawful so to be driving; and it was ruled that the plaintiff, although travelling unlawfully on the Lord’s Day and not from necessity or charity, was not prevented from recovering by such facts. The court said: “If a person, who is at the time acting in violation of law, receives an injury caused by the wrongful or negligent act of another, he may recover therefor if his own illegal act was merely a condition and not a contributory cause of the injury.”
In Riley v. Harris, 177 Mass. 163, it was stated in the opinion on pages 164 and 165 that, “It has been held that even there the fact that technically the plaintiff was trespassing would not prevent a recovery at common law for an injury by an animal known to be dangerous. ’ ’
And, in Bourne v. Whiteman, 209 Mass. 155, the law was stated thus, — “Illegality of the action of the plaintiff in order to prove, a defense must be such that plaintiff’s act or conduct directly contributes'to his injury.” And further it was held in this case, at page 171, which involved the operation of a car operated by an unlicensed operator, if the operation and movement of the car contributed to the accident with which the want of a license had no connection, except as a mere condition, this would not preclude the operator as a plaintiff from recovery. The court stated, “If the illegal quality of the act had no tendency to cause the accident, the fact that the act is punishable because of the illegality, ought not to preclude one from re *373 eovery for harmful results to which, without negligence, the innocent features of the act alone contributed.”
And in Bourne v. Whitman, supra, 209 Mass. 155, at page 171, our Supreme Court held at page 172, — “The jury should have been instructed that the defendant’s failure to have a license was only evidence of his negligence as to the management of the car.”
We, however, think the language of the statute means that where there is a trespass or a violation of law “which is merely a condition or an attendant circumstance of his (plaintiff’s) injury (as here), and not a proximate contributory cause, he (plaintiff) may recover from the wrongdoer.” Todd v. Traders and Mechanics Ins. Co., 230 Mass. 595. And, in Janusis v. Long, 284 Mass. 403, at page 410, Mr. C. J. Rugg stated the rule to be “that violation of law is a bar to recovery in an action of tort only in instances where it is a contributing cause to the injury.”
In the view that we are now taking of this statute we can only get at its true meaning by considering the above cited eases and the evident purposes of the statute. It is hardly conceivable that the legislature intended by this statute to save from liability to a plaintiff, wholly blameless the owner of a dog guilty of an attack upon such a plaintiff; such a construction of the statute would seem unreasonable.
The defendant says under a true construction of this statute that, as the plaintiff was committing a trespass at the time of the accident, she is prevented from recovery here. There are no cases that we can find where this statute has been thus construed in this state.
We think, therefore, the true meaning of the statute to be that if a person is a trespasser in the sense of committing an actual trespass or wrong at the time of the receipt of damage from a dog, such trespasser cannot recover; but when, as in the case at bar, a trespass is com *374 mitted which is in no way an inducement or cause of such damage, the plaintiff is entitled to recovery under the statute.
It is therefore immaterial upon the question of liability whether or not the plaintiff was a trespasser as long as she did not contribute to cause the attack of the dog.
The report is dismissed.