May Term, 1854.

TYNER
v.
CORY.

---

## TYNER *v.* CORY.

Trespass before a justice of the peace for killing a dog. Plea, in substance, that the dog was trespassing upon and injuring the wheat field of the defendant's father; and that, as the servant, &c., and because he could not otherwise prevent the dog from doing further injury, he killed him. *Held,* that the plea was bad.

The plaintiff, in a cause appealed from a justice of the peace, by withdrawing a demurrer sustained to a plea filed with the justice, did not, under the R. S. 1843, become liable for the costs of the cause from the time the demurrer was sustained.

*Monday, June 5.*

APPEAL from the *Fayette* Circuit Court.

STUART, J.—Trespass by *Tyner* against *Cory*, before a justice of the peace, for killing a dog. Pleas, not guilty, license, and a plea of justification, the substance of which was, that the dog was trespassing upon and injuring the wheat field of defendant's father, and that, as the servant, &c., and because he could not otherwise prevent the dog from doing further injury, he killed him. Issues on the first and second pleas, and demurrer to the third, which was sustained by the justice. Trial on the other issues, and judgment for the plaintiff for 20 dollars.

*Cory* appealed to the Circuit Court. There the demurrer to the third plea was overruled. A bill of exceptions shows, that the Court refused to permit the plaintiff to withdraw the demurrer and go to trial on the merits, except on the terms of paying all the costs accruing subsequent to sustaining the demurrer by the justice. On the plaintiff's refusal, the Court gave judgment in favor of the defendant on the demurrer, holding the plea a good bar to the action.

This was erroneous. The plea is bad. Besides, the withdrawal of the demurrer was not such an amendment as to throw the costs on the plaintiff. R. S. 1843, p. 891, s. 171. Even had the plea been good, the plaintiff should have been permitted to withdraw his demurrer and proceed to trial on the merits. Whether, under the statute, the pleas were useless and might have been disregarded, we are not prepared to say. R. S. 1843, p. 870, s. 42. Nor does the case present that question.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. Ryman,* for the appellant.