Hooker v. Miller.

## HOOKER v. MILLER.

**Trespass:** INJURY SUSTAINED FROM SPRING-GUN. Defendant, whose vineyard had been invaded by trespassers, set a spring-gun on the premises to protect his fruit. Plaintiff, having no knowledge of the gun, entered the vineyard for the purpose of taking grapes without permission; and coming in contact with the gun received a severe wound from the discharge thereof. *Held*, that the plaintiff was entitled to recover for damages sustained by reason of the wound.

*Appeal from Benton District Court.*

FRIDAY, DECEMBER 12.

ACTION to recover damages resulting from injuries sustained by plaintiff from a gun-shot wound received by him, by means of a spring gun placed by defendant on his own premises. There was a verdict and judgment for plaintiff. Defendant appeals. The facts of the case appear in the opinion.

*S. P. Vannatta, J. M. Preston & Son* for the appellant.

*Thompson & Davis* and *Nichols* for the appellee.

BECK, C. J. — The defendant was the owner of a vineyard and had lost grapes by trespassers entering his inclosure and carrying them away. To protect his fruit from such persons he planted a spring gun, so arranged that it would be discharged in the direction of one entering his premises, by means of wires or cords which the trespasser would be likely to come

in contact with and disturb. He gave no notice whatever that he had so arranged the gun, or of his intention so to do. The gun being thus placed, and charged with powder and shot, the plaintiff, in the night time, went into the vineyard, without defendant's permission, and received a severe wound from discharging the gun through the arrangements provided for that purpose. The plaintiff testifies that his object in entering the premises was to ask permission of defendant to take some grapes. But it may be considered for the purpose of this case, that he entered with the intention of wrongfully taking the fruit without defendant's permission.

The court instructed the jury in effect that if the defendant had set the gun in such a way as to destroy life or do great bodily harm, of which plaintiff had no knowledge, and the plaintiff, in entering the premises for the purpose of taking grapes without defendant's permission, was wounded by means of the gun, he is entitled to recover; that the act of plaintiff in that case was but a misdemeanor and would not justify its resistance by means that would take life or do great bodily harm; that said defendant had no right to use a spring gun for his protection against a mere trespasser without notice to him, and that defendant's liability, on account of the wound caused by the spring gun, is the same as though he had discharged it with his own hands.

The giving of this instruction and the refusal of others presenting a conflicting doctrine constitutes the foundation of the errors assigned by defendant.

The act of plaintiff in entering defendant's vineyard, in the night time, conceding that it was for the purpose of taking grapes without permission, is a misdemeanor. Acts 12th Gen. Ass., ch. 74, § 2; Code, § 3898. But defendant had no right to prevent or resist the trespass of plaintiff by using means dangerous to life or by inflicting great bodily injury. In doing so he violated the law and became liable for injuries sustained by plaintiff under the doctrine that all injuries inflicted by one while acting in violation of the law will support an action in favor of the injured party against the perpetrator. This court

Hooker v. Miller.

has held that a mere trespass against property other than a dwelling is not a sufficient justification to authorize the use of a deadly weapon by the owner in its defense; and that if death results in such a case it will be murder, though the killing be actually necessary to prevent the trespass. *The State* v. *Vance*, 17 Iowa, 138.

The rule is based upon the consideration that an act of violence done to prevent trespass, which causes death, is beyond the provocation, and the perpetrator is guilty of murder. If the intention was not to take life, or the act was done in the heat of passion, the offense would be extenuated and become no more than manslaughter.

Under the law, at the time of the killing, for which defendant was convicted in the case just cited, a trespass of the character of the one committed by the person killed, which was not different from the act of plaintiff in this case, pleaded by defendant as a justification, was not punishable as a misdemeanor. But this fact cannot defeat the application of the rule of the case now. The rule is based not on the light in which the law regards the act and the punishment provided for it. The criminality of the act or the turpitude of the trespasser is not the foundation of the rule. But it is based upon the limitation which the law imposes upon the right of the owner of property in rendering it protection. He cannot prevent a trespass by using means dangerous to life. Now, if the act of the trespasser is punishable as a misdemeanor that fact does not demand greater violence or more dangerous means to secure protection than if the same act was regarded as a mere trespass and not a crime. In other words, it requires no more violence to protect property from a trespasser, when there is a statute punishing him criminally, than it would in the absence of such enactment.

The act of defendant, we conclude, upon the authority cited and upon principle, in preparing the means whereby plaintiff's life was endangered and from which he sustained great bodily injury, was unlawful. It follows, in the application of familiar doctrines, which do not demand the support of authority to

secure their recognition, that he is liable for the injury inflicted upon plaintiff.

It has been held in England that a trespasser, having notice that spring guns are laid upon the premises, cannot recover, in an action against the owner thereof, for injuries sustained thereby. *Ilott* v. *Wilkes*, 3 Barn. & Ald. 304. And that when a trespasser, without such notice, is injured in the same way, he may recover in such an action. *Bird* v. *Holbrook*, 4 Bing. 628. So the owner of a vicious dog is liable for injuries sustained by a trespasser from being bitten by such dog. *Shufey* v. *Bartley*, 4 Sneed, 58. In New York the same doctrine with modifications on the side of humanity has been recognized. It has been there held that the nature and value of the property ought to be such as to justify the use of means for its protection which are dangerous to life, and that the trespasser must have full notice of the mischief in order to exempt the owner from liability for injuries inflicted. *Loomis* v. *Terry*, 17 Wend. 496.

Whether notice to the trespasser of the dangerous contrivances laid for the protection of property would relieve the owner of liability for injuries caused thereby we do not determine, as the facts before us do not involve that question, no such defense having been made in this case. The authorities that have come to our notice seem to recognize such a rule.

It has been often held that it is no justification for killing animals that they were trespassing upon another's premises or doing injury to his property. *Ford* v. *Taylor*, 4 Texas, 492; *Tyner* v. *Corey*, 5 Ind. 216; *Wright* v. *Ramscot*, 1 Saund. 83. This rule is doubtless supported upon the consideration that the protection of one's property will not justify the resort to means that are destructive to the property of another when not demanded by necessity, or the nature of the rights and property concerned. Certainly, humanity requires that a like rule be extended to the person of a trespasser, and that he be not exposed to bodily injury or death on the mere ground that he is at the time acting in violation of law.

II. The defendant insists that under the rule *in pari delicto*, or of contributory negligence, the plaintiff cannot recover. If the case be regarded as one of simple negligence on the part of defendant, plaintiff could not be held to the exercise of care, and, in its absence, as contributory to the injury by his own negligence, without having notice of the dangers to which he would be exposed. He could not be regarded as wanting in care by failing to use means for his protection from dangers unknown to him, or in exposing himself thereto. The rule *in pari delicto* affords no protection, in a civil action, to a party who has control of dangerous implements and negligently uses them or places them in a situation unsafe to others, whereby another person, without knowledge thereof, is injured, although, at the time, in the commission of a trespass. This qualification of the rule is demanded on the ground that proper regard for life and the persons of others requires care on the part of individuals using deadly weapons and dangerous implements; that injury to others may not be inflicted, and that some trespassers and other inconsiderable violators of the law are not to be visited by barbarous punishments or prevented by inhuman inflictions of bodily injuries. An instruction of the court directing the jury that the doctrine of contributory negligence was not applicable to the case is therefore correct.

It is our opinion that the jury were properly instructed, and the instructions asked by defendant were correctly refused .

Affirmed.