## Rollin Devor, by his Next Friend, v. William Knauer.

1.  QUESTION OF FACT—*Excessive Force in Defense of Property.*—The question of excessive force in defense of a person's property is generally a question of fact for the jury, and not of law for the court, but some cases are so clear that the judge will be warranted in saying, as matter of law, that the force was or was not excessive.

2.  MAXIMS—*One Who Invokes the Aid of a Court of Justice Must Come with Clean Hands.*—If a plaintiff can not state his case without showing that he has broken the law, a court will not assist him.

3.  PUBLIC POLICY—*When the Law Will Not Lend Its Aid.*—It is a principle of public policy that no court will lend its aid to a party who grounds his action upon an immoral or an illegal act.

4.  RECOVERY—*Where a Felony is Connected with Plaintiff's Case.*— Where a felony committed by the plaintiff is inseparably connected, both in time and circumstance, with the injury received, and has to be proven in making out his case, and the injury is received in defending against the felony, no recovery can be had.

5.  SAME—*By Violation of the Law.*—Courts of justice will not assist a person who has participated in a transaction forbidden by statute, to assert rights growing out of such transaction, or to relieve himself from the consequences of his own illegal act.

Trespass, for personal injuries. Error to the Circuit Court of Fayette County; the Hon. SAMUEL L. DWIGHT, Judge, presiding. Verdict and judgment for defendant by direction of the court below. Heard in this court at the February term, 1899. Affirmed. Opinion filed September 5, 1899.

Statement.—This is an action in trespass. The declaration contains two counts which, in substance, charge that defendant in error, on the 18th day of February, 1898, assaulted the plaintiff with a large knife, with great force and violence, and cut the plaintiff's wrist, muscles, tendons, flesh and bone, etc., to the damage of the plaintiff of $3,000.

Plea of general issue, with notice of special defense.

Upon the close of the plaintiff's testimony counsel for defendant in error asked the court to instruct the jury to find the defendant not guilty, which instruction was given and a verdict of not guilty returned.

To the giving of this instruction plaintiff in error excepted. The error assigned, important to be considered, is the giving of this instruction.

Devor v. Knauer.

The facts in the case are substantially these. Defendant in error was the proprietor of a restaurant at Farina, in Fayette county. It had been burglarized several times by breaking in a front window, and by reaching through the broken pane of glass candies and other articles were stolen. Circumstances indicated that the burglaries were committed by boys. Between 8 and 9 o'clock of the night in question plaintiff in error testified, in substance, that he broke in the window and ran away a short distance, then came back and reached his hand in to steal and got hurt; that two boys were with him; that he was in company with these boys when the window was broken in twice before, for the same purpose; that he was fourteen years old.

The particulars of the cutting in evidence are given by witnesses who testify to statements made by defendant in error. They are, in substance, that hearing the noise of the breaking, he came to the side of the window, and when a hand was thrust through the broken pane, he pressed down upon it with a knife, intending to mark the person, but that it was drawn back and by so doing he was cut more than he intended; that he knew that they were boys, and if he hadn't known this, "that he would have used a gun." The knife was a butcher knife, with a blade seven or eight inches long, wide and heavy.

Dr. Colson, a witness for plaintiff in error, who dressed the wound, testifies that the wrist "was cut to the bone, to the wrist joint, and the knife must have entered the joint; I can not account for this except the boy must have jerked his arm back." The evidence shows that the injury to the wrist causes a permanent disability.

GEORGE D. CHAFFEE & CHEW and JOHN BINGHAM, attorneys for plaintiff in error.

BROWN & ALBERT, attorneys for defendant in error.

MR. PRESIDING JUSTICE WORTHINGTON delivered the opinion of the court.

The claim by defendant in error is that plaintiff in error

was in the commission of a felony when he received the injury, and that it was given by defendant in error in protection of his property, and that in such case plaintiff in error has no standing in court to sue for damages. Plaintiff in error does not deny the burglary, but his counsel insist that defendant in error, knowing or believing that it was done by boys, was not justified in using a knife to maim the offender, but could in a milder way have protected his property, and not being justified, that plaintiff in error can recover, although injured while committing a criminal act; that the question of justification should have been submitted to the jury.

It is true that the question of excessive force in defense is generally a question of fact for the jury, and not of law for the court. This is so stated by Cooley on Torts, p. 169, but he adds: "Some cases are so clear that the judge would be warranted in saying that as matter of law the force was not excessive."

It is a general principle that one who invokes the aid of a court of justice must come with clean hands. A contract based on fraud, or for an illegal consideration, or when against public policy, will not be enforced at law.

"The test whether a demand connected with an illegal transaction is capable of being enforced at law, is whether the plaintiff requires the aid of the illegal transaction to establish his case. If a plaintiff can not open his case without showing that he has broken the law, a court will not assist him. It has been well said that the objection may often sound very ill in the mouth of a defendant, but it is not for his sake that the objection is allowed; it is founded on general principles of policy, which he shall have the advantage of, contrary to the real justice between the parties. That principle of public policy is that no court will lend its aid to a party who grounds his action upon an immoral or upon an illegal act. The principle to be extracted from all the cases is that the law will not lend its support to a claim founded on its own violation." Holt v. Green, 73 Penn. St. 198. Citing Swan v. Scott, 11 Sargeant & Rawle, 164; Scott v. Duffy, 2 Harris (14 Pa. St.), 20. It is said in Coppel v. Hall, 7 Wall. (U. S.), 558: "The defense is allowed, not for the sake of the defendant, but of the law

itself. * * * The maxim *ex malo non oritur actio* is limited by no such qualification. * * * Whenever the illegality appears, whether the evidence comes from one side or the other, the disclosure is fatal to the case."

If there can be no recovery upon a contract when it appears in evidence that it is tainted with fraud, or for an illegal consideration, or when against public policy, certainly with equal reason it may be held, when a felony is committed by the plaintiff and it is inseparably connected, both in time and in circumstance, with the injury received, and has to be proven in making out a case, and the injury is received in defending against the felony, that no recovery can be had. In the present instance, plaintiff in error, to maintain his case, proves that he committed a burglary, and was in the act of again committing both burglary and larceny, when he received the injury complained of at the hands of the person defending his property, whose building was burglarized, and whose property was about to be stolen.

In other words, the injury received was inseparably connected with the felony that plaintiff in error was committing. The one could not be proved without proving the other. By his own witness, Dr. Colson, it appears, too, that the serious extent of the injury was caused by the boy's jerking his hand back when the knife pressed on it.

It is not denied that defendant in error was justifiable in using force to defend his property. But it was insisted that he used more force than was necessary. What right has a burglar to insist that the person whose building he has feloniously entered, or whose goods and chattels he is about to steal, in the night time, shall nicely discriminate as to necessary modes of defense, and if he errs shall be liable to the thief in damages for his error? There are cases when the State may prosecute criminally for malicious injuries inflicted in defense of property. But we have been cited to no case, where the felony was directly prevented by the injury, where a recovery was had by the felon for the injury.

"The prevention of the doing of an unauthorized act does not give a good cause of action to an incipent wrong-doer who is interfered with." Am. & Eng. Enc'y, Vol. 1, p. 160.

"No court will lend its aid to a man who founds his action upon an immoral or unlawful act." Lord Mansfield, in Holman v. Johnson, Cowper, 341.

"A party can not be heard to allege his own unlawful act, and if such act be one of a series of facts to support the plaintiff's claim, then the claim must fail." Gregg v. Wyman, 4 Cush. (Mass), 326.

Decisions of other States conflict upon the question as to whether recoveries can be had when negligence is charged as the cause of the injury, and the plaintiff is violating an ordinance or a statute amounting to a misdemeanor. The decisions of this State are in harmony with the decisions in other States that hold that a violator of law can not recover when, to make out his case, he has to prove that he was a law-breaker.

An examination of the cases where recoveries are sustained will show that they are sustained upon the ground that there is no connection between the cause of the injury and the violation of the ordinance or statute. Such is the case of Sutton v. Town of Wawatosa, 29 Wis. 32. The violaton of law was in driving cattle on the Sabbath day, when labor on the Sabbath was prohibited. They broke through a defective bridge and were injured. Authorities were cited for and against a recovery, but the right of action was sustained. In this case Baker v. Portland, 58 Maine, 199, is cited with approval, in which it is said :

" Undoubtedly there are many cases when the contemporaneous violation of the law by the plaintiff is so connected with his claim as to preclude his recovery."

Steele v. Burkhardt, 104 Mass. 59, is a case where plaintiff was violating an ordinance, but a recovery was sustained. In the opinion the court uses this language :

" It is true generally that while no person can maintain an action to which he must trace his title through his own breach of the law, yet the fact that he is breaking the law does not leave him remediless for injuries willfully or carelessly done to him, and to which his own conduct has not contributed."

In Heland v. City of Lowell, 3 Allen, 407, it was held that a person driving over a bridge faster than a walk, in violation of an ordinance of which he had notice, could not recover for damages sustained through defects in the bridge. In this case the court say :

" It is the established law that when a plaintiff's own unlawful act concurs in causing the damage that he complains of, he can not recover compensation for such damage."

To the same effect are Worcester v. Merrimac Bridge Co., 7 Gray, 457; Staunton v. Metropolitan R. R. Co., 14 Allen 485.

These cases are cited with approval in Harris v. Hatfield, 71 Ill. 301. It this latter case it is said:

" The general principle is undoubted, that courts of justice will not assist a person who has participated in a transaction forbidden by statute to assert rights growing out of it, or to relieve himself from the consequence of his own illegal act." Citing Hall v. Corcoran, 107 Mass. 251. To the same effect is Frye v. C., B. & Q. R. R., 73 Ill. 403.

The legal maxim is, " *in pari delicto potior est conditio defendentus.*" Also that a plaintiff must come into court with clean hands. He must show that he stands upon fair ground when he calls upon a court of justice to administer relief to him. Booth v. Hodgson, 8 T. R. 402. "A person can not make his own illegal act the foundation of a legal right." Cooley on Torts, p. 44.

" The principle is that to deprive a party of redress because of his own illegal conduct, the illegality must have contributed to the injury." Cooley on Torts, p. 178.

It is held in Hooker v. Miller, 37 Iowa, 615, that an action to recover damages could be maintained by one entering a vineyard to steal grapes, when shot by a spring-gun of which he had no notice. The offense, under the statute, was a misdemeanor. The defendant in this case insisted upon the rule of *in pari delicto.* The court held that the rule was not applicable, saying that " an instruction directing the jury that the doctrine of contributory negligence was not applicable to the case." The court intimates that authori-

ties sustain the doctrine that if the trespasser had notice, that the defendant could have justified, and say that " some trespassers and other inconsiderate violators of the law are not to be visited by barbarous punishments or be prevented by inhuman inflictions of bodily injuries." This decision, so far as liability for injuries by a spring-gun is involved, is at variance with the common law, and with decisions in other States. In Gray v. Combs, 7 J. J. Marshall (Ky.), 478, a different doctrine is held. It was a suit by the master to recover the value of a slave killed by a spring-gun while attempting to enter a warehouse at night, with intent to steal. Under the law of Kentucky, such an offense committed by a slave was a misdemeanor. The court, after an exhaustive examination of authorities, held that there could be no recovery.

In the absence, then, of any citation sustaining a recovery for damages for an injury received by a burglar from a defendant, while in the act of defending his property against a burglary, and in line with the decisions cited *supra*, from the 71st and 73d Ill., and the general principle that a plaintiff must come into court with clean hands, we are not prepared to say that the court erred in directing a verdict for the defendant. Judgment affirmed.