### Benjamin Haumesser, Appellee, v. Central Brewing Company, Appellant.

1. TORTS—*when violation of ordinance will not prevent recovery.* In an action for the negligent killing of a horse, *held,* that the failure of the plaintiff to observe an ordinance requiring the hitching of his horse, did not preclude a recovery.

2. TORTS—*when violation of law precludes recovery; when not.* If in order to make out a case the plaintiff must show his own violation of law no recovery will be permitted, but if such plaintiff can and does make out a case without reference to any violation of law by him, a recovery will be sustained.

Action in case. Appeal from the City Court of East St. Louis; the Hon. M. MILLARD, Judge, presiding. Heard in this court at the March term, 1910. Affirmed. Opinion filed November 12, 1910.

WISE, KEEFE & WHEELER, for appellant.

JOHN L. FLANNIGAN and S. W. BAXTER, for appellee.

MR. JUSTICE DUNCAN delivered the opinion of the court.

Plaintiff sued the defendant brewing company in case for damages for the alleged negligent killing of

his horse, and recovered a judgment against it for the sum of $150. The company appealed. The negligence charged in the declaration is that the defendant so carelessly and improperly drove its wagon and team that they ran and struck plaintiff's horse with great force and thereby injured and killed it.

The evidence discloses that plaintiff was a retail grocer doing business on Broadway street in the city of East St. Louis, and on May 6, 1907, had his delivery wagon and his horse hitched thereto and standing at the curb-stone facing east in front of his place of business ready to be loaded with groceries for delivery to his customers. The defendant, Central Brewing Company, was engaged in making and delivering beer in said city; and on the morning of said day one of its drivers was passing Haumesser's place of business from the east on said street with one of its large wagons heavily loaded with beer and drawn by four horses. The wagon was passing between the street car track on Broadway and the curb-stone where Haumesser's horse stood unhitched to any post or weight of any kind, except to the delivery wagon, and was unguarded by any one. While so standing the horse, for some reason not very satisfactorily explained, shook its head from side to side, pitched forward and fell in front of the approaching wagon of the defendant, angling toward the street car track. While thus lying flat on the street the fore-wheel of the defendant's wagon ran upon the horse's jaw and neck and so crushed its jaws and tongue that it had to be killed.

The defendant introduced an ordinance of said city reading as follows: "Whoever shall have any horse or mule, or any team attached to any vehicle, in any street, alley or other unenclosed place, within said city, without the same being securely fastened or guarded, shall be subject to a penalty of not less than three dollars nor more than twenty-five dollars."

Appellant claims that a verdict should have been

directed for it for two reasons, the first being because of the alleged failure of appellee to prove that appellant was guilty of the negligence charged in the declaration. We think the jury were clearly warranted in finding for appellee on this question. Neal Comley, a motorman on a street ·car standing there, testified that he saw the horse fall on the street, and saw the defendant's wagon coming, and seeing that there was not room for the wagon to pass between the car and the horse, he was waiting for the wagon to pass the horse before going by the horse with his car; that the wagon was about thirty to fifty feet from the horse when it fell, and that he got out of his car and walked towards the wagon, signaling the driver to stop; that the driver continued to drive on and ran on to the horse without stopping until the wheel was on its head; that when he signaled the driver the wagon was twenty or thirty feet from the horse and that his lead horses were not then up to the horse. George Lewis corroborates the motorman as to those distances and says that he shouted to the driver to stop when his lead team was even with the horse, the wheel being eighteen or twenty feet from the horse at that time. The only other witness testifying on this point and who saw the wagon run onto the horse, was the defendant's driver who testified that when the horse reared and fell the horse's head struck the footboard on the front of his wagon and dropped down in front of the wheel and behind his wheel horses and that before he could possibly stop his teams, the wheel was on the horse's head.

Appellant also insists that appellee cannot recover, because he was violating the city's ordinance in failing to in any way hitch the horse, or to be with it in person or by another guarding it. He bases this claim on the ground that the plaintiff is obliged to lay the foundation of his action in his own violation of law, and therefore cannot recover. A number of authorities are cited as sustaining this proposition, including

Cooley on Torts, 2nd Ed. 151; Gilmore v. Fuller, 198 Ill. 130; Harris v. Hatfield, 71 Ill. 298; Devor v. Knauer, 84 Ill. App. 184.

We do not think the foregoing authorities in point here. The plaintiffs in those cases were engaged in the unlawful acts that brought about their injury, and it was not possible to make out their cases without relating the evidence that showed they were violating the law, and that the violations of the law were necessarily proximate causes of their injuries. That is not necessarily so in the case in hand. The correct rule, we think, is stated in the case of Steele v. Burkhart, 104 Mass. 59, to wit: "But it is further contended that these plaintiffs are compelled to prove their own violations of law in order to establish their case, and therefore the action can not be maintained. The substance of the ordinance referred to is, that, for loading and unloading packages weighing less than five hundred pounds, wagons shall stand lengthwise of streets, and not crosswise, under a prescribed penalty. * * * In this case, if the packages had weighed more than five hundred pounds, the position of the team would have been the same. In Spofford v. Harlow, 3 Allen 176, it was held that, though the plaintiff's sleigh was on the wrong side of the street, in violation of law, the defendant was liable, if his servant ran into the plaintiff carelessly and recklessly, the plaintiff's negligence not contributing to the injury. And it is true generally, that, while no person can maintain an action to which he must trace his title through his own breach of the law, yet the fact that he is breaking the law does not leave him remediless for injuries wilfully or carelessly done to him, and to which his own conduct has not contributed." To the same effect are the following cases: Ewing v. C. & A. R. R. Co., 72 Ill. 25; C. & St. L. R. R. Co. v. Woosley, 85 Ill. 370.

In the last case cited, page 374, our Supreme Court said: "In a suit against a railroad company for stock killed or injured in consequence of the neglect of the company to fence its road, where it appears such stock

was permitted to run at large in violation of law, the question whether the owner has been guilty of contributory negligence in permitting them to run at large, is one of fact, to be determined by the jury from the circumstances of the case, and that it is not sufficient to charge a plaintiff with contributory negligence, in a suit against a railroad company for injury to stock, to simply show that the owner permitted the stock to run at large in violation of law; but it must appear that he did so under such circumstances, that the natural and probable consequences of doing so was, that the stock would go upon the railroad track and be injured. The burden of showing such contributory negligence in such cases, where it does not appear otherwise, is upon the railroad company."

The burden was upon the defendant in this case to show contributory negligence. It submitted that question to the jury in an instruction closing with these words: "and if you further believe from the evidence that if the horse had been securely fastened or guarded he would not have received the injuries he did receive, then there can not be a recovery in this case," etc. The defendant had a right to submit others on the same subject if not fully covered by the above instruction. We think the jury were warranted in their finding for the plaintiff. Suppose plaintiff had been by his horse or in his buggy guarding him, as he might do under the ordinance without securely hitching it, it in no way is made to appear how he would or could have averted the injury when those present could not. If he had been securely hitched the same is true. Hitching or guarding the horse would not prevent its falling, and it does not necessarily appear that the natural and probable consequences of failing to do either would result in injury to the horse, and certainly not that hitching or guarding him would have prevented the injury to it that did occur.

Finding no reversible error in this record the judgment is affirmed.

*Affirmed.*