## T. P. Fristoe, Appellant, v. Ardimus Boedeker, Appellee.

1. TORTS, § 12*—*when violation of law cannot form basis of cause of action.* A court will not lend its aid to one who founds his cause of action upon an illegal or immoral act.

2. NEGLIGENCE, § 48*—*what is proximate cause of injury while hunting on prohibited land.* The proximate cause of the injury to one who enters in company with another upon prohibited land in pursuit of a covey of quail and is shot as a result of the careless act of his companion in discharging his shotgun towards him and at the covey of quail, is the failure to permit the quail to retreat to the premises where the law protected them.

Appeal from the Circuit Court of Randolph county; the Hon. WILLIAM E. HADLEY, Judge, presiding. Heard in this court at the October term, 1913. Affirmed. Opinion filed May 1, 1915.

SPRIGG & GILSTER and CHARLES W. MORRISON, for appellant.

A. D. RIESS and H. CLAY HORNER, for appellee.

MR. JUSTICE HARRIS delivered the opinion of the court.

The first count of the declaration in the case charged in substance: That the appellee on the 18th day of November, 1910, in the county of Monroe, State of Illinois, with force and arms made an assault upon appellant and shot off a certain shotgun then and there loaded with gunpowder and lead bullets at and against appellant, and thereby and then and there shot and wounded appellant in so grievous a manner that his life was despaired of; and by reason of such shooting and wounding appellant became sick and his right eye was thereby entirely destroyed and the sight thereof lost and the left eye pierced and injured, and the sight thereof almost destroyed, and appellant was made sick

and disordered and so continued from that time hitherto, and incapable of transacting his business affairs during that time; and was obliged and did lay out and expend large sums of money, $1,000, in endeavoring to be cured of the wound and sickness aforesaid; and other wrongs the appellee to appellant then and there did to the damage of appellant of $5,000.

The second count of the declaration charges that at the same time appellee with a shotgun then and there carelessly, negligently, wilfully and wantonly inflicted the wounds as described in first count upon appellant, in and by which he was rendered incapable of following his profession of dentistry from which he derived an income of $3,000 per year, and from transacting his other business, spending large sums in and about being cured, suffering continuous and excruciating pain from that time hitherto, other wrongs done to the damage of appellant of $5,000, wherefore he brings suit, etc.

Appellee to these two counts of declaration filed his plea of not guilty.

There is no dispute about the facts in this case material to the issues. The appellant, a single man 40 years of age, was a dentist by profession and had been for about four months previous to the injury, on the 18th day of November, 1910, residing and practicing his profession in the City of Red Bud, Randolph county, Illinois. That at the time of injury his eyesight was good, and his general health good. Since that time he has been practically blind and unable to follow his profession or to follow any business. That at the time of the injury appellant had an earning capacity of $3,700 per year. Appellant had been acquainted with appellee four months. Appellee was a man 21 years of age. By agreement appellant and appellee in the automobile of appellee, each with a shotgun, started for a hunt. That they drove near to the place where the accident occurred, left the automobile

and entered a stubble field. That they had both been in that vicinity at least once before on the same mission and across the premises where the injury occurred at that time. That on the day of the injury they were following a flock of quail in this field going north, about twenty yards apart, appellant to east of appellee, at all times in plain view and hearing distance of one another. A quail flew up in front of appellee flying to east and towards appellant. Appellee fired, a number of shot entering the face of appellant. That appellant from that time has been blind, and has suffered considerable pain, and after employing the best medical skill has been unable to regain his eyesight.

The only difference between the parties as to what was said or done is that appellant says when they were ordered off of one farm appellee says, "we will go back and hunt where I have permission," and appellee says he never said that.

It is stipulated that neither appellant nor the appellee had permission of the landowners, agents or occupants where the accident occurred to hunt upon that land.

It is true that the declaration charges appellee with wilfully and wantonly shooting appellant, but there is no evidence in the record to support the charge; and the sole ground upon which it is sought to base a right of recovery is that appellee was careless and negligent in the handling of the shotgun which caused the injury to appellant.

The court at the close of all the evidence instructed the jury to find for appellee. The action of the court under the assignment of error and argument of counsel may be discussed under two propositions:

First. Was appellant and appellee at the time of the injury violating a public law?

Second. Was appellant's violation of the law the cause of the injury?

It is conceded by appellant that he was at the time of the injury violating chapter 62, secs. 28 and 29 (J. & A. ¶¶ 5930, 5931) of the Statute of the State of Illinois. Section 28 (J. & A. ¶ 5930): "It shall be unlawful for any person or persons to hunt, with gun or dog, or allow their dogs to hunt within or upon the lands or premises of another, or upon the water flowing over or standing on said lands or premises, without first obtaining from the owner, agent, or occupant of said lands or premises, his, her or their permission so to do." Section 29 (J. & A. ¶ 5931) makes such an offense a misdemeanor and provides the penalty for violation.

This statute, as has been said by our Supreme Court in the case of *People v. Sayer,* 246 Ill. 382, has a tendency to lessen the number of hunters, capable and incapable, experienced and inexperienced, who without the provision would assume the right under their licenses to go over the lands of others, killing and destroying all game. The primary purpose of the statute is to protect game.

From the undisputed evidence in this case appellant and appellee left Red Bud on the morning in question bent upon the destruction of game, and when they arrived at or near the place of the injury saw this covey of quail fly and alight on the premises where the injury occurred, and by understanding and common design they entered the premises, unlawfully for the express purpose of securing the game, even though it be in violation of the law.

It does not place appellant in any better position under the law to say just prior to the entry that appellee said, "we will go where I have permission," because appellant is charged with knowing that he did not have permission and that appellee was neither the owner, occupant or agent to give him permission; that he entered in violation of the law and by stipulation it appears appellee entered in the same manner.

If appellant and appellee had not been in pursuit of game and if they had not discovered the object of their hunt, this accident would not have occurred. The game was discovered before they entered the premises, and both appellant and appellee knew it to be on the premises they were entering in violation of law. notwithstanding such knowledge they entered and took their positions, as they were in pursuit of game in violation of law. The causative connection between the violation of the law and the injury are complete. The proximate cause of the injury is the failure of appellant and appellee to permit the quail to retreat to the premises where the law protected them until permission was secured from the persons authorized by law to give it, which the court has no right to presume would have been given.

A number of authorities have been cited by appellant to the effect that there must be a connection between the violation of the law and the injury. Those argued and discussed at length are: *Haumesser v. Central Brewing Co.,* 158 Ill. App. 648; *Gross v. Miller,* 93 Iowa 72; *Sutton v. Town of Wauwatosa,* 29 Wis. 21.

The case in 158 Ill. App. 648, *supra,* was a suit for injuring a horse upon a public street where the city ordinance provided that no horse was to be left upon the street without being hitched. The horse injured was upon the street where he had a right to be but was not hitched. The case was determined by this court upon the ground that under the facts in that case the fact that the horse was not hitched was not the proximate cause of the injury. It if were possible to make that case an authority in the case at bar, suppose there had been a valid ordinance that no horse was to be left by its driver upon the public street, the fact that the horse was upon the street without driver would be the proximate cause of injury.

The Iowa case *supra,* is a case where an injury occurred while hunting on Sunday, and to hunt on

Sunday being in violation of the law, a question of time only.

The Wisconsin case *supra,* is a case of driving cattle on Sunday in violation of law. An injury by breaking through a defective bridge, a question of time only.

Without prolonging this opinion where it has been held there was no causative connection between the violation of the law and the injury, it was where the violation of law was as to time, or, if place, the cause of the injury was only remotely connected with the violation of the law, but never where the injury occurred while two people by common design and purpose were violating the law. The case comes clearly within the holding of our Supreme Court in the case of *Gilmore v. Fuller,* 198 Ill. 130, and the rule of law applicable thereto quoted with approval: "No court will lend its aid to a man who founds his cause of action upon an immoral or illegal act."

A further illustration of the rule which refuses redress to one participating in a wrong may be had where two persons are engaged in an unlawful enterprise or action, and, prosecuting it, one is injured by the negligence of the other. What the plaintiff must ask, therefore, must be this: That the law shall relieve him from the consequences of his disregard of the law; and this, as already stated, it will refuse to do.

The appellee was not the owner, occupant or agent of the land where the injury occurred, and even though he might have permission to hunt thereon, could not not have given appellant any right to hunt on those premises. It cannot be said he was misled into violating a law that he knew appellee could not give him permission to violate.

The appellant requires in this case the aid of an illegal transaction to establish his case, and it makes no difference, when this appears, if it so appears from the whole evidence, the defense is allowed not for sake of appellee, but of the law itself.

The ruling of the Circuit Court in giving the peremptory instruction was proper, and the judgment will be affirmed.

*Affirmed.*